UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Gary W. Howard


    v.                                                Civil No. 05-cv-277-PB


Warden, Northern New Hampshire
Correctional Facility


**O R D E R**

*Pro se* petitioner Gary W. Howard has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and confinement (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review *pro se* pleadings). For the reasons stated below, I order Howard to amend the petition to identify the federal nature of his claims and to demonstrate exhaustion of state remedies.

**Background**

Convicted of sexual assault offenses by the New Hampshire Superior Court (Rockingham County) on September 29, 2000, Howard was sentenced to a term of imprisonment.[1]  He is currently serving his sentence at the Northern New Hampshire Correctional Facility ("NCF").

Howard filed a motion for new trial with the superior court on the grounds of newly discovered evidence of the victim's recantation of certain testimony.  His motion was denied on August 5, 2004, and his motion for reconsideration was denied on July 25, 2005.  He also filed two notices of appeal with the New Hampshire Supreme Court but provides insufficient information as to the precise issues raised and only identifies his claims in a cursory fashion.  In his first appeal he alleged that the trial court erred in denying him a colloquy.  In his second appeal he broadly alleged that the victim recanted testimony.  Without providing any relevant dates, he claims that both appeals were denied.  He now brings the instant petition for a writ of habeas

---

[1] The petition alleges that Howard was charged with five counts of aggravated felonious sexual assault, two counts of felonious sexual assault and one count of sexual assault but fails to identify the precise offenses for which he was convicted.

corpus challenging his conviction and confinement on four grounds, as discussed below.

### Standard of Review

In reviewing a *pro se* petition, this court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Discussion

I.  Custody and Exhaustion

To be eligible for habeas relief, a petitioner must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254 (a) & (b).  Howard satisfies the custody requirement, as he is currently incarcerated at the NCF, but fails to satisfy the

exhaustion requirement.

"Barring certain exceptional circumstances not present here, a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The exhaustion requirement, codified at 28 U.S.C. §§ 2254 (b) & (c), embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of a prisoner's federal rights. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must . . . [invoke] one complete round of the State's established appellate review process."); accord Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal

nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (holding that a state prisoner does not "fairly present" a federal claim to a state court if that court must read beyond a petition, brief or similar document that does not alert it to the presence of a federal claim). Thus, if Howard has failed to adequately present his federal constitutional claims to the New Hampshire Supreme Court, he is precluded from seeking relief in federal court.

II. Habeas Corpus Claims

Howard alleges four grounds for federal habeas corpus relief. Ground One of the petition alleges that the victim, his former stepdaughter, recanted her testimony and may have been coerced by the prosecution to present perjured testimony. Construed liberally, Ground Two alleges that Howard was entitled to a new trial based on the alleged post-trial recantations by the victim-witness. Ground Three is unintelligible but appears to reiterate the allegations in Ground One. Ground Four simply alleges that the victim admitted to being sexually active.

While Howard asserts that the above claims were presented to and reviewed by the state courts, he has not provided any supporting documentation demonstrating that each claim and the federal nature of each claim was actually presented to the New

Hampshire Supreme Court.  Accordingly, I conclude that his claims are unexhausted for purposes of federal habeas review.

To demonstrate exhaustion, he must provide the court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments issued by the state courts addressing each claim presented in his federal petition.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In amending his petition Howard is instructed to identify the federal nature of his claims and constitutional rights allegedly abridged.  For example, if he intends to allege a federal due process violation arising from the victim's recantation of trial testimony and the existence of newly discovered exculpatory evidence, he must present such issue to the state courts and then to this Court.  See Herrera v. Collins, 506 U.S. 390, 400 (1993)(quoting Townsend v. Sain, 372 U.S. 293, 317 (1963) ("A claim 'based on newly discovered evidence ha[s] never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" See also Sanders v. Sullivan, 863 F.2d 218, 225 (2d Cir. 1988) ("Only

recantations of material testimony that would most likely affect the verdict rise to the level of due process violation, if a state, alerted to the recantation, leaves the conviction in place."); Reddick v. Haws, 120 F.3d 714 (7th Cir. 1997)("To establish that sexual assault conviction was obtained in derogation of due process, in light of victim's subsequent recantation, habeas corpus petitioner had to prove that prosecution made knowing use of perjured testimony."). Howard may need to return to the state courts to fully present any unexhausted claims and the federal nature of those claims before he can make the required amendment to his federal petition.

III. Stay

The Supreme Court has recently decided that a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court); see also Duncan v. Walker, 533 U.S. 167, 182–83 (2001) (Stevens, J.,

concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims is "the preferable course in many cases involving 'mixed' petitions – and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack." Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

Because Howard has alleged that a superior court order was entered on July 25, 2005 and there is no indication that any of his claims have been exhausted, it does not appear that a stay is necessary at this time to protect the timeliness of the petition. Accordingly, absent additional information provided by Howard, I will not stay the petition at this time.

## Conclusion

For the reasons stated above, Howard is ordered to amend his petition within thirty (30) days of the date of this Order to identify the federal nature of his claims and to demonstrate exhaustion of state court remedies.

Failure to comply with this order may result in my recommendation to the presiding judge that the petition be dismissed without prejudice for failure to demonstrate exhaustion of the claims presented.

**SO ORDERED.**

                                                _____
                                                James R. Muirhead
                                                United States Magistrate Judge

Date:     August 11, 2005

cc:       Gary W. Howard, *pro se*