UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Gary W. Howard

    v.                                  Civil No. 05-cv-277-PB

Warden, Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Gary W. Howard amends his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and confinement (document no. 7). The petition is before me for preliminary review. See Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review *pro se* pleadings).

For the reasons stated below, I recommend that the petition be served on the respondent as to Ground One of the amended petition. The remaining claims are not cognizable under federal habeas corpus review, therefore, I recommend they be dismissed.

**Background**

Convicted of five counts of aggravated felonious sexual assault and one count of second degree assault by the New Hampshire Superior Court (Rockingham County) on August 11, 2000, Howard was sentenced to a term of imprisonment.  He is currently serving his sentence at the Northern New Hampshire Correctional Facility ("NCF").  Howard filed a motion for new trial with the superior court on the grounds of newly discovered evidence of the victim's recantation of certain testimony.  Deeming the victim's recantation not credible, the trial court denied the motion on August 5, 2004 and subsequently denied Howard's motion for reconsideration on July 25, 2005.

Howard filed two notices of appeal with the New Hampshire Supreme Court.  Although he has not provided copies of the appeals, he has provided copies of the two respective dispositive orders and his reply brief.  In the first appeal, Howard alleged that he was denied due process when the trial court denied him a colloquy to determine whether trial counsel was ineffective and whether he consented to counsel's strategy of admitting the charged acts.  See State of New Hampshire v. Gary Howard, No. 2002-0068 (N.H. April 9, 2003).  Citing to both state and federal

precedent, he argued that "[a]n accused is deprived of effective assistance of counsel, his right against self-incrimination and due process when his own lawyer admits his guilt." Id.  During opening and closing statements, defense counsel did not contest the victim's description of the charged acts but instead focused on Howard's extreme intoxication.  See id.  In his reply brief, Howard argued that while defense counsel discussed trial strategy with him, counsel failed to obtain his express consent to the strategy of conceding guilt.

On April 9, 2003, the New Hampshire Supreme Court denied Howard's appeal, reasoning that "[b]ecause the defendant's trial counsel did not admit his guilt to all elements necessary for conviction, his statements were not the functional equivalent of a guilty plea."  Id. (citing State v. Jaroma, 139 N.H. 611, 615 (1995)).  The court concluded that "[a]bsent some affirmative act by the defendant, the trial court was therefore not required to conduct a colloquy, but rather could rely upon the representations made by trial counsel that he had discussed the strategy with his client."  In the second appeal, Howard broadly alleged that the victim recanted testimony.  The New Hampshire Supreme Court denied the appeal without opinion on October 13,

2004.

By order of August 11, 2005, I instructed Howard to amend his petition to identify the federal nature of the four claims raised and to demonstrate exhaustion of state remedies. He now amends Grounds One and Two of the petition and asserts that he has identified the federal nature of the four claims raised and has demonstrated the requisite exhaustion.

### Standard of Review

In reviewing a *pro se* petition, this court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Discussion

I.  Custody and Exhaustion

To be eligible for habeas relief, a petitioner must show that he is in custody and has exhausted all state court remedies

(or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254 (a) & (b).  Howard satisfies the custody requirement as he is currently incarcerated at the NCF.  He also satisfies the exhaustion requirement but only as to Ground One of the amended petition.

"Barring certain exceptional circumstances not present here, a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court."  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  The exhaustion requirement, codified at 28 U.S.C. §§ 2254 (b) & (c), embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of a prisoner's federal rights.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must . . . [invoke] one complete round of the State's established appellate

review process."); accord Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (holding that a state prisoner does not "fairly present" a federal claim to a state court if that court must read beyond a petition, brief or similar document that does not alert it to the presence of a federal claim). Thus, if Howard has failed to adequately present his federal constitutional claims to the New Hampshire Supreme Court, he is precluded from seeking relief in federal court.

## II. Habeas Corpus Claims

Howard raises four grounds for federal habeas corpus relief. Ground One is similar to the claim raised in his appeal to the New Hampshire Supreme Court and, therefore, appears to be exhausted. The remaining three grounds are not cognizable for purposes of federal habeas review.

### A. Cognizable Claims

Construed liberally, Ground One of the amended petition

alleges that Howard was denied the Sixth Amendment right to effective assistance of counsel when trial counsel conceded his guilt without first having obtained his express consent.  Ground One further alleges that Howard was denied due process when the trial court denied him a colloquy to determine whether trial counsel was ineffective and whether Howard consented to counsel's strategy of conceding guilt.[1]

Ineffective assistance of counsel, as guaranteed by the Sixth Amendment, clearly is a constitutional ground for habeas relief.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial).  Under certain circumstances, defense counsel's concession of his client's guilt may constitute ineffective assistance.  See also, United States v. Holman, 314 F.3d 837, 843 (7th Cir. 2002)(holding that attorney's concession of client's guilt without any indication of the client's consent to the strategy is deficient conduct for purposes of Strickland); Frascone v. Duncan, No. 01 CV 5924GBD, 2005 WL 1404791, at *2

---

[1] Although Howard broadly alleges a violation of the Fifth Amendment privilege against self-incrimination, his allegations are conclusory.  Accordingly, I construe Ground One to allege only claims of ineffective assistance of counsel and due process.

(S.D.N.Y June 14, 2005)(where concession of guilt in counsel's closing argument was not over the expressed and unequivocal objections of petitioner, petitioner bears burden of showing that he in fact objected)(citing <u>Dean v. Clinton Correctional Facility</u>, 93 F.3d 58, 62 (2d Cir. 1996)).  I conclude therefore that Howard has alleged a cognizable Sixth Amendment claim for purposes of federal habeas review.

While denial of an on-the-record inquiry by the trial court to determine whether a criminal defendant has consented to an admission of guilt during closing arguments represents the preferred practice, it may not rise to the level of a due process violation.  <u>Id</u>. at 842.  For purposes of preliminary review, however, Howard at least has raised a colorable due process claim.  Attached to Howard's amended petition is an April 9, 2003 order by the New Hampshire Supreme Court, demonstrating that he presented the above claims to that court for review.  Without commenting on the merits of the above claims, I conclude that Howard and demonstrated exhaustion for purposes of federal habeas review.

    B.   <u>Noncognizable Claims</u>

Construed liberally, Ground Two alleges that the trial court abridged Howard's right to due process when it denied him a new

trial based on newly discovered evidence, namely the post-trial recantations by the victim-witness.  The victim, Howard's former stepdaughter, recanted her testimony and allegedly may have been coerced by the prosecution to present perjured testimony.

To allege a federal due process violation arising from the victim's recantation of trial testimony and the existence of newly discovered exculpatory evidence, a petitioner must allege an independent constitutional violation.  See Herrera v. Collins, 506 U.S. 390, 400 (1993)(quoting Townsend v. Sain, 372 U.S. 293, 317 (1963) ("A claim 'based on newly discovered evidence ha[s] never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" See also Sanders v. Sullivan, 863 F.2d 218, 225 (2d Cir. 1988) ("Only recantations of material testimony that would most likely affect the verdict rise to the level of due process violation, if a state, alerted to the recantation, leaves the conviction in place."); Reddick v. Haws, 120 F.3d 714 (7th Cir. 1997)("To establish that sexual assault conviction was obtained in derogation of due process, in light of victim's subsequent recantation, habeas corpus petitioner had to prove that prosecution made knowing use of perjured testimony."). Howard has not sufficiently alleged, and the record does not

demonstrate, that the prosecution made knowing use of perjured testimony. Because Howard has not alleged any other independent constitutional violation in support of his claim, I recommend dismissal of Ground Two.

Ground Three is unintelligible but appears to reiterate the allegations in Ground Two. Because I have recommended dismissal of Ground Two I also recommend dismissal of Ground Three. Ground Four simply alleges that the victim admitted to being sexually active. Because Ground Four clearly is not premised upon any violation of federal law, it is not cognizable under federal habeas review. See Levasseur v. Pepe, 70 F.3d 187, 194 n.5 (1st Cir. 1995) (observing that Section 2254 limits habeas review of a state prisoner's conviction to violations "of the Constitution or laws or treaties of the United States.") Accordingly, I recommend dismissal of Ground Four.

### Conclusion

For the reasons stated above, I order the petition served on the respondent as to Ground One. The remaining claims fail to state a constitutional claim upon which habeas corpus relief may be granted, therefore, I recommend they be dismissed.

The claims identified in this report and recommendation will be considered for all purposes to be the claims raised in the

petition. If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this order, or he must properly move to amend the petition.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice. Failure to file an objection within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4,6 (1st Cir. 1986).

                                                  /s/ James R. Muirhead  
                                                  James R. Muirhead  
                                                  United States Magistrate Judge

Date: October 28, 2005  
  cc: Gary Howard, *pro se*